IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Dennis Barker, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 9:12-cv-1901-PMD |
| v. ) | |
| ) | |
| Washington National Insurance Company, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court upon a Bill of Costs filed by Defendant. The Court entered summary judgment in favor of Defendant on April 25, 2013. The Defendant timely submitted a Bill of Costs in the amount of $2,743.62. This amount includes (1) $350.00 in court costs; (2) $708.80 for deposition transcript expenses; (3) and $1,684.82 for witness expenses. Plaintiff filed objections to the Bill of Costs on May 14, 2013. For the reasons set forth below, the Court awards Defendant $2,055.62 in costs.

**LEGAL STANDARD**

According to the Federal Rules of Civil Procedure, "costs—other than attorney's fees— should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). As such, there is a presumption in favor of awarding costs to a prevailing party. *See Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994); *see also Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). To overcome the presumption favoring the prevailing party and to deny that party costs, the court must articulate some "good reason" for doing so. *Teague*, 35 F.3d at 996; *see also Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990). In this regard, "only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Cherry*, 186 F.3d at 446 (quotations and

alteration omitted) (noting that additional factors that justify denying an award of costs include "their excessiveness in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided"); *see also Smith v. Se. Pa. Transp. Auth.*, 47 F.3d 97, 99 (3d Cir. 1995) (observing that a court may decline to award costs under Rule 54(d) if such an award would be inequitable). Ultimately, the court has discretion to award or deny costs to the prevailing party. *Cherry*, 186 F.3d at 446.

If an award of costs to a prevailing party is deemed appropriate, the court applying Rule 54(d) generally looks to 28 U.S.C. § 1920 to determine what costs may be taxed against the losing party. Pursuant to § 1920, a court may tax the following expenses:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *see also* Local Civil Rule 54.03 D.S.C. "The prevailing party bears the burden of showing that the requested costs are allowed by § 1920." *Fells v. Va. Dep't of Transp.*, 605 F. Supp. 2d 740, 742 (E.D. Va. 2009). "Once the prevailing party makes this showing, the burden shifts to the losing party to show the impropriety of taxing these costs." *Id.*

## DISCUSSION

Plaintiff generally objects to the Bill of Costs, arguing that the Court should deny costs because of alleged misconduct by Defendant, the limited value of Defendant's victory, and the closeness of the issues in the case. *See Cherry*, 186 F.3d at 446 (listing factors that justify denying award of costs and noting that a "party's good faith, standing alone, is an insufficient

basis for refusing to assess costs against that party"). However, the Court is not persuaded by any of Plaintiff's arguments regarding these factors and therefore will not deny all costs. *See Washington v. Kroger Ltd. P'ship I*, No. 3:11-CV-00074, 2013 WL 439851, *2-3 (W.D. Va. Feb. 5, 2013) (discussing the requirements for each factor and finding no grounds for denying all costs to the prevailing party).

Plaintiff specifically objects that Defendant should not be awarded the filing fee for removal from state court because Defendant chose to remove the case to federal court and removal costs are not specifically listed as a taxable cost under Local Rule 54.03(A)(1). Pursuant to 28 U.S.C. § 1920(1), Defendant is entitled to recover fees of the clerk. Courts routinely award prevailing parties removal costs, even though the decision to remove the case was voluntary. *See, e.g., Levy v. City of New Carrolton*, C.A. No. DKC 06-2598, 2012 WL 909215, at *2 (D. Md. Mar. 15, 2012) (finding that the clerk of court properly awarded prevailing party the full amount of removal fees, even though those fees were not "necessarily incurred"); *Roll v. Bowling Green Metal Forming, LLC*, No. 1:09-CV-00081-TBR, 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010) (holding that "removal filing fee is a fee allowed under § 1920(1) and may be taxed as part of costs"). Furthermore, the Court finds no merit to Plaintiff's argument that awarding the removal fee violates local rules. Under Local Rule 54.03(A)(1)(a), the filing fee of a complaint is a taxable cost, and pursuant to 28 U.S.C. § 1446(a), a party seeking removal must file a notice of removal along with a copy of the complaint, among other documents. Thus, the Court concludes that Defendant should be reimbursed the $350.00 court fee.

Plaintiff next objects to Defendant's request for the costs associated with the deposition of Defendant's 30(b)(6) witness, Darlene Slaughter. Section 1920 permits "fees for printed or

3

electronically recorded transcripts necessarily obtained for use in the case" and "fees and disbursements for printing and witnesses." 28 U.S.C. § 1920(2)-(3). The Fourth Circuit generally has favored the allowance of costs for deposition transcripts so long as such depositions were "reasonably necessary" at the time of their taking. *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987). Furthermore, in addition to regular deposition costs, "parties may incur costs for witnesses, expert witnesses, and witness travel" subject to 28 U.S.C. § 1821, which "expressly authorizes the payment of a witness fee of $40.00 per day for court attendance, plus subsistence and the normal costs of travel." *Scallett v. Rosenblum*, 176 F.R.D. 522, 527 (W.D. Va. 1997) (quotation and citation omitted). Moreover, in the District of South Carolina, a prevailing party is specifically entitled by local rule to recover costs associated with discovery depositions introduced as part of the record on motion for summary judgment if the prevailing party in the case prevails on summary judgment. *See* Local Civil Rule 54.03(H) D.S.C. (providing that costs incident to taking depositions, including the "stenographer's fee, costs of original transcription, and postage," are "normally allowed"); *Moss v. Spartanburg Cnty. Sch. Dist. No. 7*, C.A. No. 7:09-1586-HMH, 2011 WL 1870280, at *2 (D.S.C. May 17, 2011) (holding that the cost of obtaining a duplicate original deposition transcript prepared by the court reporter for use in support of summary judgment briefs falls within the scope of Local Rule 54.03).

Defendant requests $279.35 for one duplicate of the original transcript of Ms. Slaughter's deposition, $1,644.82 for Ms. Slaughter's costs to travel to South Carolina for the deposition, and $40.00 for the witness attendance fee. In its memoranda in support of summary judgment, Defendant made multiple citations to the transcript from Ms. Slaughter's deposition. Accordingly, the Court concludes that taxation of the costs associated with Ms. Slaughter's

deposition is permissible under federal and local rules, and the Court will award Defendant $40.00 for the witness fee and $279.35 for the transcript. However, with regard to travel expenses, the Court questions the total amount requested for airfare. On January 21, 2013, Defendant purchased tickets for Ms. Slaughter to fly directly to Charleston on January 29, 2013, and then to return to Detroit via Atlanta on January 30, 2013. The total payment for these tickets was $704.70. On January 24, 2013, Defendant changed Ms. Slaughter's return ticket for a flight to Detroit via New York; the total payment for this change was $498.00. Finally, on January 28, 2013, Defendant once again changed Ms. Slaughter's return ticket, electing for her to take the exact same flight through Atlanta that she had originally been assigned. This change cost $190.00. In its itemization of costs, Defendant requests reimbursement for all three ticket purchases yet provides no explanation for the changes or the ultimate return to the original itinerary. Although the cost of Ms. Slaughter's travel is taxable, the Court finds that Defendant has not met its burden of showing that the extra costs incurred for the two ticket changes were "normal costs of travel" and thus permitted under 28 U.S.C. § 1920. *See* 28 U.S.C. § 1821(c)(4); *Scallett*, 176 F.R.D. at 527; *see also* Local Rule 54.03(E)(2) D.S.C. (allowing travel costs for actual expenses paid to and from witness's residence by shortest route). Thus, the Court, in its discretion, will award costs only for the initial ticket purchase amount of $704.70, as well as $59.30 for ground transportation and $192.82 for lodging.

Finally, Plaintiff objects to Defendant's request for the costs of Plaintiff's deposition. Defendant requests $365.75 for the original transcript of the deposition, $55.00 for the reporter fee, and $8.70 for postage. As explained above, these costs are taxable pursuant to 28 U.S.C. § 1920 and Local Rule 54.03 D.S.C. Moreover, the Court finds no good reason to deny these costs. Accordingly, Defendant should be awarded the requested costs for Plaintiff's deposition.

After careful review of all the records submitted with Defendant's Bill of Costs, the Court finds that it is a proper use of its discretion to award Defendant $350.00 for fees of the clerk, $1,276.17 for costs associated with Ms. Slaughter's deposition, and $429.45 for costs associated with Plaintiff's deposition.

## CONCLUSION

For the foregoing reasons, the Court awards Defendant $2,055.62 in costs.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**May 24, 2013**
**Charleston, SC**

6